UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



FILED

FEB -5 2013

CLERK, US DISTRICT COURT
NEWPORT NEWS, VA

HEATHER FERGURSON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA

    Defendant.

CIVIL ACTION NO.: 4:13-cv-19

SERVE:  Neil H. MacBride
United States Attorney
Fountain Plaza Three
Suite 300
721 Lakefront Commons
Newport News, VA 23606

The Honorable Eric Holder
Attorney General of the United States
Department of Justice
950 Pennsylvania Avenue, Room 4400
Washington, D.C. 20530

## COMPLAINT

COMES NOW the Plaintiff, Heather Fergurson, by counsel, and brings this medical malpractice action against the United States of America (hereafter "Defendant"), and for her complaint, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Heather Fergurson, is a resident of Virginia and resides in Chesapeake, Virginia and is a dependent of her husband, Charles Fergurson, a member of the United States Army, stationed at Joint Forces Command in Suffolk, Virginia.

2. Defendant, The United States of America ("Defendant"), at all times relevant herein acted through its employees, agents, or servants, including but not limited to James Anthony Reed, M.D., Beverly Reed, M.D., Catherine Jones, CNM (Certified Nurse Midwife), Luke & Associates, Inc., and Anthony Agbar, M.D., who were serving as healthcare providers at Langley Air Force Base, Virginia. Upon information and belief, these healthcare providers were not independent contractors. At all times pertinent herein, Defendant had a duty to provide reasonable medical care to Mrs. Fergurson and to comply with the applicable standards of care for a healthcare providers in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court as to Mrs. Fergurson's claims against the Defendant is founded upon the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680, *et seq*. Prior to instituting this action, the claim set forth herein was presented to the Department of the Air Force, an agency of The United States (See Exhibit 1 attached hereto), by filing a Form 95 on or about November 21, 2011. On or about November 7, 2012, the Department of the Air Force denied the claim by letter, a copy of which is attached as Exhibit 2.

4. All actions, omissions, and events complained of herein took place at Langley Air Force Base, Virginia within the Eastern District of Virginia, and therefore venue is properly laid in this Court.

## FACTS

5. On or about April 18, 2011, Mrs. Fergurson presented to the hospital located at Langley Air Force Base for her initial prenatal visit and it was calculated that she was approximately 10.7 weeks pregnant. Catherine Jones, CNM, physically examined Mrs. Fergurson and calculated from the palpation of her uterus that she was 12 weeks pregnant. Ms.

Jones was unable to hear a fetal heart tone and so performed a transvaginal ultrasound and described seeing an alleged "cystic mass" within the uterus with "no identifiable fetus." These findings were confirmed by Beverly Reed, M.D. A "Molar Pregnancy" was suspected by these healthcare providers.

6. While still at the hospital on April 18, 2011, Ms. Jones ordered various medical tests including a formal pelvic ultrasound by radiology. Mrs. Fergurson was advised by Beverly Reed, M.D. that once the tests were completed and the results of the ultrasound received back from the radiologist, that James Anthony Reed, M.D. would then follow-up with Mrs. Fergurson that day.

7. On April 18, 2011, the "formal" ultrasound was performed by Anthony Agbar, M.D., a radiologist. The "formal" ultrasound confirmed the date of last menses and clearly showed a live fetus. The results of "formal" ultrasound were never communicated to Mrs. Fergurson despite her repeated requests for this information.

8. Mrs. Fergurson met with James Anthony Reed, M.D. for the first time during this pregnancy on April 18, 2011, while still in the hospital. James Anthony Reed, M.D. discussed Mrs. Fergurson's case with her, including the fact that her blood work levels were high. Despite being aware that Mrs. Fergurson has undergone a "formal" ultrasound since her arrival at the hospital that morning, James Anthony Reed, M.D. took Mrs. Fergurson to the operating room. There, James Anthony Reed, M.D. performed a procedure known as a Suction D & C. The pre-operative diagnosis was Molar Pregnancy. Mrs. Fergurson underwent an uncomplicated Suction D & C and was discharged home.

9. The Suction D & C performed on April 18, 2011, by James Anthony Reed, M.D. was performed on Mrs. Fergurson without James Anthony Reed, M.D. having reviewed either

the results of the "formal" ultrasound or the report of the Dr. Agbar. Dr. Agbar's report clearly describes a live fetus. There is no mention in Mrs. Ferguson's medical chart that these findings were relayed to James Anthony Reed, M.D., Beverly Reed, M.D., Ms. Jones, or the other healthcare providers involved in the pre-natal care of Mrs. Ferguson. Nor did James Anthony Reed, M.D. seek to obtain the findings from the formal ultrasound before performing the D & C operation.

10. Subsequently, Mrs. Fergurson was informed that the D & C operation had killed her live baby fetus. Mrs. Fergurson has suffered overwhelming emotional distress upon learning that she had in her womb an 11 week old child with a heart beating at 162 beats per minute without any complications. She also learned that her child had been torn apart by the Suction D & C procedure leaving a backbone, a leg, an arm, and a portion of the head with gray-brown eye butts. Further, despite Mrs. Fergurson's desire to have more children, this procedure has rendered her permanently unable to conceive another child.

11. Neither Catherine Jones, CNM, Beverly Reed, M.D., nor Anthony Agbar, M.D. ever communicated to James Anthony Reed, M.D. the results of the "formal" ultrasound prior to the operation. James Anthony Reed, M.D. placed a note in Mrs. Fergurson's medical chart that Catherine Jones, CNM and Beverly Reed, M.D. told him of the findings obtained by Ms. Jones and Dr. Beverly Reed, but nothing was said about the "formal" ultrasound. James Anthony Reed, M.D., never personally reviewed the "formal" ultrasound read by Dr. Agbar prior to performing the Suction D & C.

## FEDERAL TORT CLAIMS ACT – UNITED STATES

12. Plaintiff incorporates by reference paragraphs 1-11 as if fully set forth herein.

13. At all times material herein, The United States acting by and through its agents,

servants, and/or employees, owed a duty of care to Mrs. Fergurson to perform proper pre-natal care and evaluation and recognition of her pregnancy and fetus, operating under the same or similar circumstances in Virginia. At all times relevant herein, The United States breached its duty of care to Mrs. Fergurson and was otherwise negligent in one or more of the following, but not limited, respects:

a. Failing to properly identify and appreciate that Mrs. Fergurson was pregnant and was carrying an approximately 10.7 week fetus that was viable, without complications;

b. Misdiagnosing Mrs. Fergurson as having a cystic mass within her uterus with no identifiable fetus and having a Molar Pregnancy;

c. Failing to wait for the result of the "formal" ultrasound before taking Mrs. Fergurson to the operating room and performing a Suction D & C; and

d. Being otherwise negligent in the diagnosis, care, and treatment of Mrs. Fergurson during and following her care at the hospital on April 18, 2011.

14. As a direct and proximate result of the negligence of The United States, Mrs. Fergurson was caused to sustain and suffer serious injuries, resulting in great physical pain and mental anguish, permanent injury, has been prevented from performing her station in life, and has incurred, and will likely incur in the future, hospital, doctors, and related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff, Heather Fergurson, demands judgment against the Defendant, The United States of America, for the sum of ONE MILLION SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($1,750,000.00) in damages with pre-judgment and post-judgment interest and costs expended in this action.

HEATHER FERGURSON

By: /s/ Carlton B. Bennett
Of Counsel

Carlton F. Bennett, Esquire
VSB No. 18453
C. Stewart Gill, Jr., Esquire
VSB No. 42789
BENNETT and ZYDRON, P.C.
120 South Lynnhaven Road, Suite 100
Virginia Beach, Virginia 23452
Telephone: (757) 486-5454
Facsimile: (757) 486-8910
cbennett@bandzlaw.com
sgill@bandzlaw.com

W. Ware Morrison, Esquire
VSB No. 35262
W. Ware Morrison, P.L.C.
2628 Barrett Street, Suite 100
Virginia Beach, VA 23452
Telephone: (757) 425-2590
Facsimile: (757) 631-1157
waremorrisonlaw@yahoo.com